885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edar Y. ROGLER, Plaintiff-Appellant,
v.
PHILLIPS BUILDING MENTAL RETARDATION PROGRAM, Crownsville
Hospital Center, Loretta Stokes, individually and in her
official capacity as Personnel Administrator, Ted Bunck,
individually and in his official capacity as Psychologist at
the Phillips Building; Robert Jacobs, Department of Health
and Mental Hygiene, Department of Personnel, Dennis Powers,
individually and in his official capacity as Director of the
Phillips Building Mental Retardation Program, Marvin
Malcotti, individually and in his official capacity as
Administrator, Mental Retardation Developmental Disability
Administration, William Clark, individually and in his
former official capacity as Manager, Employer-Employee
Relations Department of Health and Mental Hygiene, Dennis K.
Dobson, individually and in his official capacity as
Personnel Administrator Crownsville Hospital Center,
Constance Holloway, individually and in her official
capacity as Human Development Associate III, William McNeal,
individually and in his official capacity as Personnel
Officer, Crownsville Hospital Center, Peter Oroszlan, M.D.,
individually and in his official capacity as State Medical
Examiner, Jonas Rappeport, M.D., individually, James E.
Olsson, M.D., individually, Defendants-Appellees.
 No. 89-2034.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1989.
Decided Sept. 18, 1989.
 
 Edar Y. Rogler, appellant pro se.
 Carmen Mercedes Shepard, Leronia Arnetta Josey, Assistant Attorney General, Office of the Attorney General of Maryland, for appellees Phillips Building Mental Retardation Program, Crownsville Hospital Center, Stokes, Bunck, Jacobs, Department of Health and Mental Hygiene, Department of Personnel, Powers, Malcotti, Clark, Dobson, Holloway, McNeal, and Oroszlan.
 Kathleen Howard Meredith, Semmes, Bowen & Semmes, for appellee Rappeport.
 Kenneth Harrison Meltzer, Paul Frederick Newhouse, Eccleston & Wolf, for appellee Olsson.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Edar Y. Rogler appeals the district court's December 22, 1988, order allowing discovery of her psychiatric records unless she states that she will not challenge the defendant psychiatrists' diagnoses of her. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 3
 As the order appealed from is not a final order, it is not appealable under 28 U.S.C. Sec. 1291. The district court has not directed entry of final judgment as to particular claims or parties under Fed.R.Civ.P. 54(b), nor is the order appealable under the provisions of 28 U.S.C. Sec. 1292.[1] Finally, the order is not appealable as a collateral order under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 4
 Rogler also seems to request a writ of mandamus prohibiting the district court from requiring her to disclose her psychiatric records. The standards for granting a writ of mandamus are set forth in In re Beard, 811 F.2d 818 (4th Cir.1987):
 
 
 5
 The granting of a writ of mandamus is a drastic remedy to be used only in extraordinary situations. A writ of mandamus will not issue when all that is shown is that the district court abused its discretion when making the challenged ruling. The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable.
 
 
 6
 Id. at 826 (citations omitted). Rogler has not satisfied this demanding standard here.
 
 
 7
 Finding no basis for appellate jurisdiction, we grant the appellees' motion to dismiss the appeal as interlocutory. To the extent that Rogler's filings in this Court could be construed as a petition for a writ of mandamus, the petition is also denied, as are all of Rogler's pending motions in this case. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 8
 DISMISSED.
 
 
 
 [1]
 Rogler states that she has asked the district court to certify an interlocutory appeal under Sec. 1292(b). Should the district court decide to amend its December 22 order to grant Sec. 1292(b) certification, Rogler will be able to petition this Court for an interlocutory appeal at that time. See Fed.R.App.P. 5(a)